UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CR-20893-FAM

UNITED STATES OF AMERICA,

vs.

MONTY RAY GROW,

       Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL

Defendant Monty Ray Grow, through undersigned counsel, hereby moves this Court to compel the government to produce (i) documents produced to the government by Patient Care America ("PCA") pursuant to PCA's limited waiver of its attorney-client privilege, (ii) witness and exhibit lists and any Jencks material thirty days in advance of the October 16 trial date, and states as follows:

## DISCUSSION

### A. The Government Should Be Compelled to Disclose All Documents Voluntarily Produced by PCA Pursuant to its Limited Attorney-Client Privilege Waiver

The charges in this case stem from Mr. Grow's work as a sales and marketing representative for PCA, a Florida-based pharmacy that produced and dispensed prescription compounded medications, including topical pain and scar creams. We understand that for the last year, PCA has produced over 1.1 million pages of material to the government pursuant to one or more Grand Jury subpoenas. From what we can tell, the government has since turned over the overwhelming majority of PCA-produced documents to the defense. Before doing so, however, the government insisted upon (and Mr. Grow agreed to) a Protective Order governing the disclosure of private heath and financial information. [DE 22].

In April, defense counsel learned that the government was withholding a subset of PCA documents from defense counsel on grounds of privilege. As we understood it, PCA produced otherwise privileged materials to the government pursuant to a limited waiver of the attorney-client privilege "as an expression of assistance and cooperation with the government's criminal investigation." Letter from K. Larsen to D. Rashbaum (Jul. 26, 2017). Notwithstanding this production, the government explained, PCA was insisting that the documents somehow retained their privilege and therefore could not be disclosed to Mr. Grow. As we explained to the government, PCA waived that privilege when it produced the documents in question to the government. Thus, the government could no longer withhold documents from Mr. Grow on the basis of privilege. The government did not immediately respond, but instead agreed to look into the matter.

In July, defense counsel sent an email to the government questioning when we could expect to receive the documents produced by PCA pursuant to its limited privilege waiver. Email from M. Pineiro to K. Larsen (Jul. 6, 2017).[1] During a conference call with the government that followed on July 11, defense counsel were told that PCA made a narrow production to the government pursuant to a privilege waiver limited to one issue: the transition of PCA sales representatives like Mr. Grow from 1099 consultants to W-2 employees, a process that Mr. Grow's Indictment specifically addresses. [DE 3 ¶ 15]. The government advised that while some of those documents may ultimately be produced to Mr. Grow, PCA (having previously produced the documents to the government) was asking for an opportunity to make further redactions before any were turned over.

---

[1] Copies of this and any other written correspondence between the government and defense counsel will be provided to the Court upon request.

On July 28, defense counsel again asked the government about the status of the once-privileged PCA documents. The government responded that it was sending over a production containing "documents subject to PCA's limited privilege waiver that we believe are relevant to your client and that we are required to produce . . . ." Email from K. Larsen to D. Rashbaum (Jul. 28, 2017). In a letter received by defense counsel on July 31, the government stated:

> As you know PCA's narrow and limited waiver pertains to the company's decisions to engage marketers and marketing groups for the sales of non-sterile cream products beginning in the spring and summer of 2014, to convert those marketers from 1099 contractors to W2 employees in 2015, and to terminate those marketers' relationships in the summer of 2015. In compliance with your discovery request as well as under obligations contained in Fed. R. Crim. P. 16(a) and the Standing Discovery Order, the government will produce accompanying this letter all documents covered by PCA's limited waiver that are relevant to your client.

Letter from K. Larsen to D. Rashbaum (Jul. 26, 2017). In the government's view, documents "relevant to" Mr. Grow included only those materials that "included Mr. Grow as either a sender or recipient, as well as any documents that contained any discussion about Mr. Grow in any manner whatsoever." *Id.*

Upon receipt of that letter, defense counsel urged the government to reconsider its narrow definition of relevance, and explained that from what we understand, Mr. Grow may have had a number of informal verbal conversations with PCA employees about their discussions with (or their understanding which derived from their discussions with) PCA's counsel and others. As a result, we argued, limited waiver documents would be relevant regardless of whether Mr. Grow is referenced in or was a sender or recipient of any of the materials in question. Email from D. Rashbaum to K. Larsen (Jul. 31, 2017). During an August 7 conference call that followed, the government declined to produce anything further. The government explained that the documents remain subject to PCA's attorney-client privilege, which PCA had yet to waive. Defense counsel responded that the documents, having been produced by PCA to the government, were no longer

3

privileged and therefore could not be withheld from production on that basis. The government responded to defense counsel that its hands were tied, and urged us to speak with counsel for PCA and inquire whether the company would be willing to waive privilege in order to allow the government to produce the documents.

Defense counsel have since done just that. And on August 28, defense counsel received an email from the government that included PCA's verbatim response on this issue. Email from K. Larsen to D. Rashbaum (Aug. 28, 2017). In it, PCA acknowledged that any "privilege has been waived by [its] production" to the government. *Id.* Still, PCA asked that the yet-to-be-disclosed documents "not be shared with any third party," including Mr. Grow, "since they contain sensitive, confidential, or proprietary material relating to Patient Care America." *Id.* Recognizing, however, that the decision of whether to produce certain documents rests entirely with the government, PCA urged that any further production be made pursuant to a protective order. *Id.*

In terms of privilege, PCA's assessment was absolutely correct, and was precisely the same analysis that we had iterated to the government for the last several months. PCA voluntarily produced privileged documents to the government pursuant to a limited waiver of its attorney-client privilege. In doing so, PCA waived its privilege. The government therefore cannot hide behind privilege to withhold those same documents from Mr. Grow. *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1127-28 (9th Cir. 2012) (rejecting the theory of selective waiver, and concluding that a party's production of privileged documents to the government resulted in a waiver of the privilege); *In re Quest Commc'ns. Int'l Inc.*, 450 F.3d 1179, 1196-97 (10th Cir. 2006) (same).

With the question of privilege settled by PCA, the government was left without any articulated basis to withhold the documents at issue from Mr. Grow. However, three days ago, the government – for the first time in months of discussion on this issue – came up with four new

bases: (1) the documents at issue contain confidential proprietary information related to PCA; (2) the documents "reference several unrelated targets of ongoing criminal investigations that could jeopardize the covert nature of those investigations, (3) requiring the government to produce the documents at issue "would unduly prejudice the government," and (4) "Mr. Grow does not have any compelling interest in the receipt of such irrelevant information," which is to say, the documents are irrelevant. Email from K. Larsen to D. Rashbaum (Aug. 28, 2017). None of these arguments has merit.

The government cannot credibly claim that the production of documents whose privilege has been waived would implicate sensitivity concerns, jeopardize ongoing investigations or burden the government. To the extent that the government (or PCA) is concerned that any of the documents contain confidential, proprietary or sensitive PCA information, those concerns can easily be addressed by following the procedures set forth in the Protective Order already in place, something the government has yet to do in this case despite the reams of patient and financial information it has already produced.[2]

Similarly, any concerns about ongoing investigations, which the government has never raised before, fall flat. The government chose the timing of Mr. Grow's indictment, and opted to charge him as the lone defendant in this case. The fact that the government is investigating other putative targets should not deprive Mr. Grow of whatever documents may be material to his defense. Further, defense counsel know of several individuals who have received target letters from the government or are otherwise the subject of the government's ongoing investigation. All are referenced throughout the 1.1 million pages of material the government has already produced.

---

[2] Significantly, of the more than 1.1 million PCA documents produced to Mr. Grow, including 131 pages that were part of PCA's limited privilege waiver, the government does not appear to have designated any "confidential," as required by the Protective Order. [DE 22 ¶ 6]. Nonetheless, Mr. Grow intends to treat these materials as "confidential" in keeping with the spirit of the Protective Order.

The government has not (and cannot) claim that Mr. Grow has in any way obstructed or interfered with the government's investigation of those targets.

In terms of prejudice, the government has already produced over 1.1 million pages of material to Mr. Grow. We strongly suspect that the documents that are the subject of PCA's privilege waiver comprise a fraction of that number. Any burden to the government in producing those documents therefore would be negligible at best.

The government's final claim, that Mr. Grow does not have "compelling need" for the documents at issue, boils down to relevance. That is, the government has suggested that it is only required to produce "documents covered by PCA's limited waiver that are relevant" to Mr. Grow. Letter from K. Larsen to D. Rashbaum (Jul. 26, 2017). The government's sudden focus on relevance is curious given that in March, the government "dumped" PCA's entire 1.1 million page-production to the government, a large portion of which has absolutely no bearing on Mr. Grow, on defense counsel. More to the point, however, the government confuses the relevance standard for admissibility at trial with the standard for production under Fed. R. Crim. P. 16(a)(1)(E), which requires only that a document be "material to preparing the defense." For the purpose of Rule 16, evidence is material so long as "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Slough*, 22 F. Supp. 3d 1, 4-5 (D.C. Cir. 2014) (citation omitted). While the onus of proving materiality lies with the defendant, the burden is "not a heavy" one. *Id.* As we have explained to the government, Mr. Grow intends to present a good-faith defense at trial based in part on his conversations with one or more PCA employees that were informed by the employees' discussions with company counsel and others. To the extent that any

6

of the materials the government is withholding reflect these discussions, their production should be compelled.

### B. The Government Should be Compelled to Disclose Witness and Exhibit Lists and Jencks Material Thirty Days Before Trial

While the government has indicated that this case will take just 8 days to try, the breadth of this case is far more substantial. The Indictment against Mr. Grow includes 52 separate Counts and references more than 20 patients and sales representatives, whom the Indictment identifies by their initials.[3] And at the risk of repetition, the government has produced over 1.1 million pages of material to the defense in discovery with additional documents outstanding. Needless to say, defense counsel face a daunting task of preparing this case for trial. We therefore request that the government be compelled to disclose its witness and exhibit lists 30 days before trial, and to produce early Jencks. Thirty days, while difficult, would suffice.

We recognize that the Jencks Act does not require the government to produce statements of witnesses who will testify on the government's behalf until the conclusion of direct examination. But the Act also does not prohibit the government from doing what one court has lauded as a "salutary practice." *United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir. 1979). Further, at least one court has ruled that in complex cases with a substantial number of anticipated witnesses, courts have the discretion to require early disclosure of Jencks material to ensure a fair and efficient trial commensurate with due process. *United States v. Narciso*, 446 F. Supp. 252, 270-71 (E.D. Mich. 1976), *disagreed with on other grounds*, *United States v. Griffith*, 864 F.2d 421 (6th Cir. 1988) (noting that early disclosure of Jencks material furthers "the interests of due

---

[3] We understand that the government has filed a Superseding Indictment against Mr. Grow. While the Superseding Indictment has yet to be unsealed, we understand that the government may have eliminated counts in some cases and added counts in others. We therefore do not know what impact, if any, it will have on the government's case or, for that matter, on the October 16 trial date.

process of law, effective assistance of counsel and the fair and efficient conduct of criminal trials."); *see also United States v. Colson*, 662 F.2d 1389, 1391-92 (11th Cir. 1981) (noting that courts have the discretion to compel the government to disclose its witnesses before trial).

The government has agreed to defense counsel's request for early disclosure of its witness and exhibit lists, but only if Mr. Grow agrees to disclose his witness and exhibit lists 21 days before trial, which is something we simply cannot agree to. Email from K. Larsen to D. Rashbaum (Aug. 28, 2017). The government has produced virtually no 302 Reports, reports of investigation or grand jury testimony, leaving defense counsel in the dark about so much of the government's case. Further, with the government bearing the burden of proof, defense exhibit and witness lists are not typically required until the end of the government's case-in-chief. If we were provided with early Jencks and other 302s, we would be in a better position to provide the government with preliminary lists before trial. Absent such information, however, we cannot agree to the early disclosure of reciprocal exhibit and witness lists.[4]

## CONCLUSION

For the reasons set forth herein, Defendant Monty Ray Grow respectfully requests that this Court enter an order compelling the government to produce (i) documents produced to the government by PCA pursuant to PCA's limited waiver of its attorney-client privilege, (ii) witness and exhibit lists and any Jencks material thirty days in advance of the October 16 trial date.

---

[4] The defense will, of course, continue to meet its reciprocal discovery obligations.

        Respectfully Submitted,

        /s/ Daniel L. Rashbaum
        Daniel L. Rashbaum
        MARCUS NEIMAN & RASHBAUM LLP
        201 South Biscayne Boulevard, Suite 1750
        Miami, Florida 33131
        Tel: (305) 400-4260
        Daniel L. Rashbaum
        Fla. Bar No. 75084
        drashbaum@mnrlawfirm.com
        Jeffrey E. Marcus
        Fla. Bar No. 310890
        jmarcus@mnrlawfirm.com

        *Counsel for Defendant Monty Ray Grow*

## **LOCAL RULE 88.9(a) CERTIFICATION**

Undersigned counsel has conferred with counsel for the government in a good faith effort to resolve the issues raised in this Motion and have been unable to do so.

        By:   /s/ Daniel L. Rashbaum
                   Daniel L. Rashbaum

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2017, a true and correct copy of the foregoing motion was served via CM/ECF on all counsel of record.

        By:   /s/ Daniel L. Rashbaum
                   Daniel L. Rashbaum