UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20893-CR-FAM(s)

UNITED STATES OF AMERICA

vs.

MONTY RAY GROW,

     Defendant.
_____/

## GOVERNMENT S OMNIBUS MOTION IN LIMINE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby respectfully moves in limine to preclude the introduction of several categories of evidence and argument. In particular, the Government seeks to preclude the defense from introducing the following categories of evidence and/or argument: (1) self-serving hearsay statements by defendant Monty Ray Grow; (2) evidence regarding the defendant's prior good conduct intended to negate the conduct charged in the Superseding Indictment; (3) the purported selective prosecution by the Government against defendant Grow; (4) any so-called negligence on the part of TRICARE or other government program in failing to properly screen fraudulent claims; (5) any purported hardship endured by the defendant as a result of the Government's seizure of property in this case. As set forth in greater detail below, each of the above-described topics are both irrelevant and unduly prejudicial, and, therefore, should be excluded by this Court pursuant to Federal Rules of Evidence ("Fed. R. Evid.") 401, 402, and 403.

### APPLICABLE RULES OF EVIDENCE

    a)    Exclusion of Irrelevant Evidence under Rules 401 and 402.

Fed. R. Evid. 401 reads as follows: Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would without the evidence. Rule 401 has been interpreted to impose two requirements for admissibility: (1) [t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action. *United States v. Glasser*, 773 F.2d 1553, 1559 n.4 (11th Cir. 1995), quoting *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. Unit A 1981). And, as Rule 402 states: Evidence which is not relevant is not admissible. In this case, the second prong of the Rule 401 standard that the proposition to be proved must be of consequence to the real issues in the case is particularly important, since much of the evidence and argument which the government seeks to preclude has nothing to do with the charges in the Superseding Indictment.

      b)    Exclusion of Relevant Evidence Under Rule 403

F.R.E. 403 provides that [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The Eleventh Circuit, while noting that the application of Rule 403 must be cautious and sparing, has stated that [i]ts major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985). The Court in *Meester* then continued on: Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance. 762 F.2d at 875. *See also United States v. Pirolli*, 673 F.2d 1200, 1203 (11th Cir. 1982).

## ARGUMENT

      a)    Defendant Grow's Self-Serving Hearsay Statements Are Inadmissible and Should be Excluded.

During his opening statement and closing argument, and in the examination of witnesses,

defendant Grow may seek to introduce his own out-of-court statements made during the course of the conspiracy schemes charged in the Superseding Indictment as well as out-of-court statements made by one or more co-conspirators.[1]  Specifically, the defendant may seek to introduce select portions of text messages and/or e-mail conversations with co-conspirators who may or may not testify at trial in an effort to nullify evidence of his criminal intent.  Similarly, the defendant may seek to play recorded statements made by him or by non-testifying co-conspirators.[2]

      The defendant should be precluded from soliciting from any witness, or mentioning during his opening statement or closing argument, any of these hearsay exculpatory statements.  The evidence rules allow only the government to introduce the defendant's statements against him; the defendant cannot introduce his own self-serving statements.  Federal Rule of Evidence 801(d)(2)(A) provides that [a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . the party's own statement. Fed. R. Evid. 801(d)(2)(A). Putting this together, for a defendant's statement to be admissible, it has be [1] the defendant's own statement and [2] offered against the defendant by the government. The defendant's statement is admissible, in other words, if it is offered against him; if the defendant offers his own statement however, it is not admissible under Rule 801(d)(2)(A).

      The Eleventh Circuit has said so in *United States v. Willis*, 759 F.2d 1486 (11th Cir. 1985). In that case, the defendant, during the cross-examination of an FBI agent government witness, sought to elicit his "allegedly exculpatory statements at the time of his arrest." *Id.* at 1501.  The district court prohibited the defendant from eliciting his own exculpatory statement on cross-

---

[1] These out-of-court statements consist of e-mails, text messages and recordings.
[2] On January 9, 2018, the defendant produced to the government select portions of text message communication made between him and one or more co-conspirators during the course of the charged scheme.  It should be noted that the government *is not* in possession of the entirety of any of these written communications between the defendant and his co-conspirators.

3

examination, and the Eleventh Circuit affirmed. The Court recognized what the defendant was trying to do: "Obviously, the defense sought to place [the defendant's remarks before the jury without subjecting [him] to cross-examination." *Id*.  The Court went on to say that  "[t]his is precisely what is forbidden by the hearsay rule." *Id*.  The defendant, in other words, was forbidden from eliciting his hearsay statement from a government witness.

The Ninth Circuit has likewise held that Rule 801(d)(2)(A) prohibits the defendant from introducing at trial his own out-of-court statements.  In *United States v. Fernandez*, 839 F.2d 639 (9th Cir. 1988), like in *Willis*, the bank robbery defendant sought to elicit a post-arrest statement [he] made to [an FBI agent] in which [the defendant] denied committing the robbery." *Id*. at 640. The Ninth Circuit affirmed the district court's decision to prohibit the defendant from eliciting his own self-serving statement on cross-examination, explaining:

> [The defendant] was not prevented from introducing his denial could have testified to the statement himself.  He chose not to testify.  It seems obvious defense counsel wished to place [the defendants] statement to [the FBI agent] before the jury without subjecting [the defendant] to cross-examination, precisely what the hearsay rule forbids.

*Id*.  Put another way, the defendant can testify and deny involvement in the charged crime, but he cannot elicit from other witnesses his own hearsay statements. The rules of evidence forbid it.  *See also United States v. Ortega*, 203 F.3d 675, 681-83 (9th Cir. 2000) (affirming district court's decision to exclude defendant's statements to law enforcement that the guns were given to him by his cousin and he didn't know about drug dealing going on in his garage);

Like the defendants in *Willis* and *Fernandez*, Grow should be precluded from mentioning during opening statement and closing argument, and soliciting from witnesses, any out-of-court statement that they made.  If the defendant wants to tell the jury that he did not knowingly violate the law as alleged in the Superseding Indictment, then he must testify -- this is because the hearsay

4

rules do not permit the defendant to introduce his own self-serving statements without being subject to cross-examination.

      b)      Evidence and Argument Regarding the Defendant's Prior Good Conduct Is Inadmissible and Should be Excluded.

In opening statement and through the introduction of evidence, defense counsel may seek to introduce the defendant's specific acts of good conduct. For example, the defendant may seek to introduce the fact that some Tricare beneficiaries liked/needed the compounded medications dispensed by the South Florida compounding pharmacy that paid Grow almost $19 million in kickbacks or evidence that some beneficiaries did not receive kickback payments in exchange for their agreement to order compounded medications. The defendant may also seek to introduce evidence of prior business dealings with other persons/entities including compounding pharmacies that do not implicate the criminal charges contained in the Superseding Indictment

Evidence of specific "good acts" is clearly inadmissible to prove that the defendant was less likely to commit the charged offenses. *See* Fed. R. Evid. 405(b). This is because, as the Eleventh Circuit has repeatedly held, "evidence of good conduct is not admissible to negate fraudulent intent." *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (*quoting United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991)); *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) ("Evidence of non-criminal conduct to negate the inference of criminal conduct is generally irrelevant"); *see also United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999) (whether the defendant "had prepared other, non-fraudulent [immigration] applications was simply irrelevant to whether the applications charged as false statements were fraudulent"); *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence … through proof of the absence of criminal acts on specific occasions.") In *Ellisor*, a mail-fraud case involving a scheme to promote and sell tickets for a Christmas show that never took place, the

Eleventh Circuit affirmed the district court's ruling precluding the defendant from offering evidence that he had produced actual shows in the past to negate his fraudulent intent. *Ellisor*, 522 F.3d at 1259-62, 1270-71. The panel reasoned that "[t]he fact that [the defendant] purportedly produced other shows does not bear on his intent to defraud with respect to the Christmas show [*i.e.*, the charged conduct], and is therefore irrelevant." *Id*. at 1270. The *Ellisor* Court also found the particular instances of legitimate conduct that the defendant sought to offer to be specific instances of good character. Relying on Fed.R.Evid. 404(b) and 405(b), the Eleventh Circuit reasoned that these purported acts of "good character" were inadmissible. *Id.* at 1270-71. In addition, in a Medicare fraud case in this district, Judge Seitz cited *Ellisor* when she expressly excluded evidence of legitimate billing. (*See* D.E. 866, *United States v. Willner, et al.*, Case No. 11-20100-CR-SEITZ).[3]

    c)    Evidence and Argument Regarding Selective Prosecution by the Government Is Not a Valid Defense at Trial and Should be Excluded.

The defendant may seek to introduce evidence or make arguments that the Government's choice to prosecute him is based on some improper motive arising out of the fact that Tricare was somehow embarrassed by the fact that its victimization at the hands of the defendant and others was exposed by national news media. By way of example, on January 9, 2018, the defendant produced a text message to the government between him and unindicted co-conspirator working at the compounding pharmacy. In this text message the co-conspirator stated in what appears to

---

[3] Even if this Court were to conclude find that certain good acts may be admissible, the Government asks that, at a minimum, the Court preclude defense counsel from mentioning them in opening statement. The conduct of the trial may impact on their admissibility, and it would be unfairly prejudicial to the government to allow reference in opening to matters which may not be admissible. Also, some specific acts may only be relevant or provable if the defendant testifies, and it would be unfair to put these before the jury until the defendant has subjected himself to cross-examination.

be the context of government investigation/enforcement actions "[A]ll a game, honing in on overprescribing. The real villains are express scripts, etc. the pbm's should do a better job of policing. Too much grey area for a developing area of medicine." (MG_DEF00231).

Not only is this theory completely false, but it is also wholly irrelevant to the jury's determination of the defendant's guilt or innocence. The United States Supreme Court has held that [a] selective-prosecution claim is not a defense on the merits to the criminal charge itself . . . ." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). It instead challenges the institution of the prosecution, and as such, [t]he selective prosecution defense is an issue for the court to decide, not an issue for the jury. *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995). As such, the defendant was required to, but did not, raise this issue prior to trial. F.R.Cr.P. 12(b)(3)(A). Because it is not probative on any issue that should come before the jury, this evidence is irrelevant and should be excluded.

In addition, even if the Court were to deem this (unfounded) defense theory relevant, it is also inadmissible pursuant to Fed. R. Evid. 403, because its probative value is substantially outweighed by the risk of unfair prejudice, confusion, misleading of the jury, waste of time, and undue delay. Its only possible use could be to generate sympathy for the defendant or against the government; uses which are totally improper. *See United States v. Funches*, 135 F.3d 1405, 1408-09 (11th Cir. 1998) (no right to present evidence relevant only to inspire jury nullification); *United States v. Ndiaye*, 434 F.3d 1270, 1288-89 (11th Cir. 2006) (excluding evidence aimed at showing selective prosecution).

      d)    TRICARE and ESI's Purported Negligence in Paying Claims is Inadmissible and Should be Excluded.

Similarly, the defense may attempt to argue that TRICARE and ESI (TRICARE'S Pharmacy Benefit Manager), should have done a better job administering the TRICARE program and, in

7

particular, should have detected the fraud. For example, the defendants might argue that ESI should have known that some of these claims were false or that they should have exercised more caution in connection with paying claims made on behalf of military service members and their dependents.

Such evidence or argument is not permissible because it does not prove any facts of consequence to this action. Any poor oversight or lax practices by TRICARE and ESI has no bearing in an analysis as to whether a false claim submitted to those agencies is, or is not, material. Indeed, the 11th Circuit Pattern jury instruction for health care fraud provides that "A false pretense, representation, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the institution to which it is addressed. A false representation or statement can be material even if the decision maker did not actually rely on the false representation, or even if the decision maker actually knew or should have known that the representation was false." Since the government does not have to prove actual reliance, the fact that ESI and TRICARE were negligent and could have been more diligent in the processing of claims is not relevant.

The Eleventh Circuit has rejected this type of "blame the victim" defense in numerous fraud cases. In *United States v. Powell*, 509 Fed. Appx. 958, 967 (11th Cir. 2013), a mortgage fraud case, the Government filed a motion in limine to exclude certain "blame the bank," or blame "lax lending standards" evidence at trial. The District Court granted the motion, and the defendants were later convicted and appealed. On appeal, they argued that they were precluded from advancing valid theories of defense with respect to the conduct of the lender, lender negligence, and the mortgage crisis. In *Powell*, the Eleventh Circuit rejected these arguments, finding that:

> The district court properly excluded evidence of the mortgage lenders' alleged negligence, the present foreclosure crisis, and the respective roles of the lenders and the government in that crisis on the basis of relevance. In order for evidence to be relevant, it must

8

> be probative of the proposition it is offered to prove, and that proposition must be one that is of consequence to the determination of the action. *United States v. Glasser*, 773 F.2d 1553, 1559 n. 4 (11th Cir.1985) (citations omitted). Whether the lenders in this case knew or should have known that the loan applications were fraudulent is of no consequence to this action. It has no bearing on the essential element of Powell's conduct, namely her intent to participate in the mortgage fraud scheme.
>
> Whether the lenders were motivated by profit or did, in fact, profit from Powell's efforts is equally immaterial. As this Court observed in *United States v. Svete*, "the government can convict a person for mail or wire fraud even if his targeted victim never encountered the deception—or, if he encountered it, was not deceived." 556 F.3d 1157, 1166 (11th Cir.2009) (en banc) (quoting *Pelletier v. Zweifel*, 921 F.2d 1465, 1498 (11th Cir.1991)).
>
> Likewise, whether the lenders negligently created an environment of lax lending standards is irrelevant. Contributory negligence is not a defense to the crime of fraud. "[W]hatever role, if any, a victim's negligence plays as a bar to civil recovery, it makes little sense as a defense under a criminal statute that embraces 'any scheme or artifice to defraud.' A perpetrator of fraud is no less guilty of fraud because his victim is also guilty of negligence." *Svete*, 556 F.3d at 1165 (citations omitted).

*Powell*, 509 Fed. Appx. at 967. Similarly, other Circuits have also concluded that "the negligence of the victim in failing to discover a fraudulent scheme is not a defense to criminal conduct" *United States v. Coyle* 63 F.3d 1239, 1244 (3d Cir. 1995 (citing *United States v. Davis* 226 F.3d 346, 358-359 (5th Cir. 2000). Thus based on *Powell*, and the clear authority of *Svete* cited in *Powell*, claims of negligence or lack of diligence on the part of TRICARE or ESI are not proper defenses to the charges in the Superseding Indictment. It is equally clear that evidence and argument related to these matters is properly excludable through the mechanism of a pretrial ruling.

    e)    **Evidence that the Government Has Seized Substantial Amount of Property Pursuant to Seizure Warrants Should be Excluded.**

During the course of this investigation the government has obtained seizure warrants for a

number of bank accounts, vehicles, and other items belonging to the defendant. As this Court is well aware, the government is entitled to seize property prior to conviction if it can show that the proceeds of a crime were used to purchase the asset. Although the practice of pre-trial restraint of assets is legal, it has also received some negative attention in the media. Accordingly, some jurors might believe the practice is unfair.

Although the Government has alleged money laundering counts specifically related to some of the restrained assets as well as a forfeiture count in this case, the allegations make no mention of the fact that many of the assets mentioned have been seized or otherwise restrained. Should the Government secure a conviction in this case, the jury will decide the forfeiture count after a finding of guilt. In the guilt phase of this trial the fact that the government has restrained certain assets of the defendant does not prove anything that is of consequence to the determination of the action. Once again the government believes that prematurely putting this evidence will only serve the purpose of making the jury feel sorry for the defendant or make the jury think that the system is somehow unfair. For these reasons it must be excluded.

## CONCLUSION

For the foregoing reasons, the above-described evidence and arguments are inadmissible and should be excluded by this Court. The undersigned has conferred with counsel for the defendants, who have indicated that they are opposed to the relief sought herein.

Respectfully submitted,

RANDY A. HUMMEL
ATTORNEY FOR THE UNITED STATES
ACTING UNDER AUTHORITY CONFERRED
BY 28 U.S.C. § 515.


By:  s/Kevin J. Larsen
     Kevin J. Larsen
     Assistant United States Attorney
     Florida Bar No. A5501050
     99 Northeast 4th Street, 4th Floor
     Miami, Florida 33132-2111
     Telephone:  (305) 961-9356
     Kevin.Larsen@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                              By: _____
                                     KEVIN J. LARSEN
                                     Assistant United States Attorney