UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20893-MORENO(s)

**UNITED STATES OF AMERICA**

vs.

**MONTY RAY GROW**

       **Defendant.**

_____/

**UNITED STATES' PROPOSED VOIR DIRE QUESTIONS**

COMES NOW the United States of America and respectfully requests that this Court ask the prospective jurors the attached questions in addition to the Court's standard *voir dire* questions.

Questions

1. Are you able to understand, speak, read and write the English language? Are any of you suffering from physical limitations or taking medication that affects your ability to concentrate or remember things? Do you have any difficulty seeing or hearing?

2. Do you have any health problem that might prevent you from serving on a jury?

    a. If yes, please explain.

3. What is the highest grade that you completed in school including any trade or technical school? If you attended college, what college did you attend, and in what field or subject did you major? What degree did you earn?

4. How are you currently employed? If you are retired or unemployed, what was your occupation or employment before your retirement or unemployment?

5. Do you have any supervisory responsibilities in your job? If yes, please explain your supervisory duties and responsibilities.

6. Are you married? If you are married, how is your spouse employed? If divorced, how is your ex-spouse employed?

7. If you have children, please state their age and sex, and if they are over 18, whether and where they are employed, or whether and where they attend school? If they are employed what do they do?

8. Please describe any social, political, civic, community or religious groups or organizations which you participate in, and whether you have held any leadership roles in them.

9. Have you or your spouse ever had any legal training?

   a. If <u>yes</u>, please tell us about that training.

10. Have you ever been a witness in a criminal case or civil case? What were the circumstances? Did you testify in court or in a deposition? In criminal case, if you were questioned by a prosecutor did they treat you fairly? If not might this experience cause you to distrust the Assistant United States Attorneys assigned to this case?

11. Have you or any family member ever held a job with any federal, state or local law enforcement agency? If <u>yes</u>, please describe who held the position, the agency and the time period the position was held.

12. Have you ever applied to any federal, state or local law enforcement agency for a job? If <u>yes</u>, please describe the position you applied for, and the result or status of your application. Was there anything about that process that might make you distrust the testimony of law enforcement officers?

13. Have you, your relatives or close friends ever been arrested, charged with a crime, or convicted of a crime?

   a. If any potential juror answers this question in the affirmative, the government requests that the Court question the potential juror regarding the circumstances at the bench

so as to avoid embarrassment to the potential juror.

14. Have you or any of your relatives or close friends been the victim of a crime? If yes, what type of crime? Were you satisfied with the way the matter was handled by the police or law enforcement agency? The prosecutors? The courts?

15. Have you or any of your relatives or close friends had any personal experiences with law enforcement officers which might make you distrust the testimony of law enforcement officers?

16. This case was investigated by the Department of Defense Criminal Investigative Service and the Health and Human Services, Office of Inspector General. Have you or any of your relatives or close friends had any bad experiences with these agencies?

    a. If yes were they the type of bad experiences with that might cause you to be a bit more skeptical of the testimony of an agent as opposed to a civilian?

17. Do any of you presently have a case pending at this time in State Court, Federal Court, Tax Court, or with any federal agency or appeal authority?

18. Do any of you presently have a claim against the United States or any agency or department of the United States, including the Internal Revenue Service?

19. Have you served on a jury before? Civil or criminal?

    a. If you have served on a jury before, without stating the result, were you able to reach a verdict in the case?

    b, If you have served on a jury before, did anything happen to you while serving as a juror prior to this trial that would make it difficult for you now to serve as a fair and impartial juror?

20. The United States expects to call the following witnesses on behalf of the government. [Should read the witness list].

      a.     Do any of you know any of these individuals?

21.    Are you, or a family member or someone close to you, a Tricare or Medicare beneficiary?

      a.     If yes, who?

      b.     Are you involved in helping them obtain or coordinate their medical care?

22.    Have you, or has a family member or someone close to you, ever worked in a business that provided services to Medicare or Tricare beneficiaries, such as a pharmacy, pharmaceutical company, hospital, home health agency, or medical clinic?

      a.     If yes, please describe who and in what capacity and your experience.

23.    Has anyone had any experience professionally or personally dealing with the rules and regulations of Medicare, Tricare or private medical insurance companies?

      a.     If yes has anyone had any unpleasant dealings with the Tricare or Medicare programs?

      b.     Would they cause you to care less about a fraud committed against Tricare or Medicare than some other type of fraud?

24.    Is there anyone who has professional or personal experience dealing with compounding pharmacies?

25.    The United States will be calling witnesses who have pled guilty to criminal charges pursuant to a plea agreement whereby the government agreed to drop charges or recommend a reduced sentence for them in return for their guilty plea and cooperation, including their testimony in this case. The law permits persons to testify under such agreements, and I will instruct you that the testimony of cooperating defendants is to be treated with caution but that this testimony may be the basis of your verdict if it is believed. However, we need to know if any of you have strong feelings about the use of "cooperating witnesses" or "cooperating informants" in criminal cases so that you may not be able to

listen to their testimony and evaluate it based on my instructions but will instead reject it based on preconceived notions?

    a.    Do any of you think that you would have difficulty evaluating the testimony of a witness who pled guilty to a crime?.

26.    The law requires that your verdict be based on the facts as you find them to be impartially from the evidence. You must not base your verdict on emotion, prejudice or sympathy for one side or another. Does any prospective juror believe they would have difficulty following this rule?

    a.    The allegations in this case charges crimes related to the Tricare program. There will be testimony in this case about military beneficiaries and alleged fraud committed upon a government entitlement program. Is there anything in your background or life experience that would make it difficult for you to reach an impartial verdict based solely on the evidence, not on emotion or prejudice, in this criminal case?

27.    In rendering your verdict, you are not to concern yourself with possible punishment. Is there anybody here who would weigh what the punishment may be in deciding their verdict, no matter what the evidence proves? Can you accept that possible punishment is not the concern of the jury and promise not to let it affect your deliberations if you are chosen for this jury? Do you think you can reach a verdict according to my instruction, without considering what the possible punishment may be?

28.    Do you have any reservations whatsoever about "sitting in judgment" of another person?

    a.    Is there anything in your background, life experience, or beliefs that would make it difficult for you to return a verdict of guilty, if you believe from all of the evidence that the United States has proved its case beyond a reasonable doubt?

      b.      Is there anything in our background, life experience, or beliefs that would make it difficult for you to return a verdict of not guilty, if you are not convinced beyond a reasonable doubt of the defendant's guilt at the conclusion of the case?

      c.      Can you give the defendants a fair trial according to the law, without being influenced by sympathy or prejudice because of a defendant's background or characteristics?

<u>End</u>

29. Irrespective of your personal feelings about any issue that may arise in this case, will you promise to follow the law as I give it to you during this case?

30. Knowing what you now know about this case, do you have any reservations about your ability to hear the evidence, deliberate and return a fair and impartial verdict?

### III. Conclusion.

The United States requests that the Court ask the above questions of the prospective jurors.

                                        Respectfully submitted,
                                        RANDY A. HUMMEL
                                        ATTORNEY FOR THE UNITED STATES
                                        ACTING UNDER AUTHORITY
                                        CONFERRED BY 28 U.S.C. § 515.

By:    */s/ Kevin J. Larsen*
           KEVIN J. LARSEN
           Assistant United States Attorney
           Florida Bar No.:A5501050
           99 N.E. 4th Street
           Miami, Florida 33132
           Telephone: (305) 961-9356
           Facsimile: (305) 530-7139
           Email:Kevin.Larsen@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 21, 2018, I electronically filed the foregoing document with the Clerk of the Court and defense counsel using the CM/ECF system.

                                                     s/ Kevin J. Larsen
                                                     KEVIN J. LARSEN
                                                     Assistant United States Attorney