UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CR-20893-FAM(s)

UNITED STATES OF AMERICA,

vs.

MONTY RAY GROW,

        Defendant.
_____/

### DEFENDANT'S MOTION TO ADMIT EXCULPATORY RECORDINGS OF MONTY GROW PURSUANT TO FRE 801(d)(1)(B)(i)

Defendant Monty Ray Grow, through undersigned counsel, respectfully moves this Court to admit exculpatory recordings of Mr. Grow on his redirect witness examination pursuant to Federal Rule of Evidence 801(d)(1)(B)(i), and states as follows:

1.    On January 8 and 14, 2016, federal law enforcement agencies directed Deanna Dutting, a cooperating witness and former employee of Mr. Grow, to furtively record phone conversations between herself and Mr. Grow.  The clear purpose of the government-directed telephone calls was to elicit incriminating admissions from Mr. Grow. At the time, Mr. Grow was completely unaware of the law enforcement investigation and was not represented by counsel. During the two calls, at the direction of law enforcement, Ms. Dutting repeatedly described different business practices as "illegal" and sought to entrap Mr. Grow into concurring with her. However, the secret recordings backfired on the government as Mr. Grow consistently responded to Ms. Dutting that he had always believed their conduct had been legal and in compliance with federal law.

2. Now, at trial on the very same allegations discussed on the recordings, the government objects to introducing the tapes on Mr. Grow's redirect examination pursuant to FRE 801(d)(B)(1)(i), based on the claim that Mr. Grow had a strong motive to lie to Ms. Dutting in January 2016. No other element of FRE 801 has been contested by the government.

3. The government's "current" view of these factual circumstances should be rejected as obviously self-serving revisionist history. In January 2016, the government believed that Mr. Grow would tell the truth on the undercover recordings which is why they taped him in the first place. In total, the government made two separate recordings of Mr. Grow that lasted a total of approximately one hour. The government knew that Mr. Grow was unware of the investigation and hoped to elicit incriminating admissions. But instead, they elicited truthful statements of innocence consistent with his trial testimony in this case.

4. The government has produced no new facts to question Mr. Grow's state of mind in January 2016. The government simply contends that a CBS news report in May 2015 about Ms. Dutting and her business activities *after* leaving Mr. Grow's employ created a sufficient motive for Mr. Grow to lie to the world going forward. The news segment did not discuss any criminal inquiry or even mention Mr. Grow or his business, MG10. It focused on several patients who obtained mail-order medications from Ms. Dutting's new pharmacy without speaking to a physician first. The report made no mention of anything involving PCA.

5. The government's argument also ignores the evidence presented at trial that throughout 2015 PCA, Mr. Grow's employer assured him that MG10's and PCA's business practices were compliant with the federal Anti-Kickback Statute and that lawyers had approved of them. Those assurances occurred both before and after the CBS news report.

6.     Following *United States v. Tome*, 513 U.S. 150 (1995), federal courts typically have viewed the actual moment of criminal arrest as the demarcation line for FRE 801(d)(1)(B)(i) purposes, with statements prior to arrest being admissible as prior consistent statements. However, in *United States v. Prieto*, 236 F.3d 816 (11th Cir. 2000), the Court of Appeals held that "the question of when a motive to fabricate attaches is a question of fact," and went on to find that statements of a co-conspirator made *after* arrest (but before an agreement to cooperate with the government was formalized) were sufficiently untainted by a motive to lie so as to be admissible. *See id.* at 819.  Similarly, in *United States v. Collicott,* 92 F.3d 973, 978 (9th Cir.1996), the Ninth Circuit found that statements made by a witness just *before* her arrest during a police stop in which she was hiding drugs in the car were inadmissible because, even though they were uttered shortly before her arrest, the stop and the location of the drugs gave her a motive to lie at that precise moment.

7.     Nothing about the factual circumstances of these two cases establishes a basis to exclude the January 2016 recordings.  These surreptitious tapes were made **eleven** months *before* Mr. Grow's arrest on these charges at a time that the investigation was unknown to him.  They were made on the phone to a former employee outside the known presence of law enforcement, unlike *Collicott*.  The mere fact that Ms. Dutting mentions on one of the calls that the FBI wants to talk to her is insufficient to taint Mr. Grow's statements to her.  Ms. Dutting had stopped working with Mr. Grow in the spring of 2015 and started marketing for different pharmacies.  The CBS news story focused on Ms. Dutting's sales practices that did not involve PCA.  Given the interview, the fact that the FBI might want to talk with her about her own situation does not, without more, prove that Mr. Grow would be so concerned at that time with his own legal situation that he would lie to Ms. Dutting in two lengthy phone calls.  Far more likely under the circumstances is that Mr.

Grow was completely unaware that he was being taped and was speaking candidly to a former colleague about her particular situation.

8. Accordingly, these exculpatory recordings, the product of the government's concerted decision to memorialize Mr. Grow's true state of mind in January 2016, should be introduced into evidence given the government's attacks on Mr. Grow's truthfulness. To do otherwise would deprive the jury of material evidence of Mr. Grow's state of mind, the central issue in the case, and materially prejudice Mr. Grow's right to a fair trial.

Respectfully Submitted,

/s/ Jeffrey E. Marcus
MARCUS NEIMAN & RASHBAUM LLP
201 South Biscayne Boulevard, Suite 1750
Miami, Florida 33131
Tel: (305) 400-4260
Jeffrey E. Marcus
Fla. Bar No. 310890
jmarcus@mnrlawfirm.com
Daniel L. Rashbaum
Fla. Bar No. 75084
Drashbaum@mnrlawfirm.com

*Counsel for Defendant Monty Ray Grow*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2018, a true and correct copy of the foregoing Motion was served via CM/ECF on all counsel of record.

/s/ Jeffrey E. Marcus
JEFFREY E. MARCUS