UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20893-Cr-Moreno(s)

UNITED STATES OF AMERICA

vs.

MONTY RAY GROW,

       Defendant.

_____ /

**UNITED STATES' MOTION FOR ENTRY OF A
PRELIMINARY ORDER OF FORFEITURE**

THE UNITED STATES OF AMERICA (hereinafter, the "United States" or the "Government"), hereby moves, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), for entry of a preliminary order of forfeiture regarding certain property that was found to be subject to criminal forfeiture to the United States, and submits the following in support thereof.

1. On August 29, 2017, a federal grand jury sitting in the Southern District of Florida returned a superseding true bill of indictment (ECF 37) (hereinafter, the "Superseding Indictment") charging the defendant, **MONTY RAY GROW**, with, among other things, a violation of 18 U.S.C. § 1349 (Conspiracy to Commit Health Care Fraud/Wire Fraud) (Count 1), a violation of 18 U.S.C. § 371 (Conspiracy to Receive/Pay Health Care Kickbacks) (Count 9), and a violation of 18 U.S.C. § 1957 (Money Laundering)(Count 45).

2. The Forfeiture section of the Superseding Indictment further alleges, among other things, that certain property is subject to criminal forfeiture to the United States upon the defendant's conviction of the charged offenses. Specifically, the defendant was notified that upon conviction of a "Federal health care offense," as defined by 18 U.S.C. § 24, which includes the violations charged in Counts 1 and 9, he shall forfeit to the United States, pursuant to 18 U.S.C.

§ 982(a)(7), any property, real or personal, that constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense. Additionally, the defendant was made aware that upon conviction of a violation of 18 U.S.C. § 1957, which includes the violation charged in Count 45, he shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such violation, or any property traceable to such property.

3. On February 5, 2018, the petit jury empaneled returned its Verdict Form (ECF 115) finding the defendant guilty of the violations charged in Counts 1, 9, and 45, among other charged violations. Subsequently, the petit jury returned its Special Verdict (ECF 118) finding in effect the following:

(a) Money or funds in account number 898067684176 held at Bank of America, N.A. in the name of MGTEN Marketing Group, up to $988,834.00 (US), constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the health care offenses charged in Counts 1 and 9;

(b) Money or funds in account number 229019916597 held at Bank of America, N.A. in the name of Monty Grow, up to $1,680,922.00 (US), constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the health care offenses charged in Counts 1 and 9; and

(c) One (1) 2014 Porsche/911 (VIN: WP0AB2A92ES120563) is property that was involved in the money laundering offense charged in Count 45, or is traceable to such property

(hereinafter, the "Subject Property").

4. Fed. R. Crim. P. 32.2(b)(1)(A)-(B) provides the following:

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay -- [t]he court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the Court as relevant and reliable.

5. Fed. R. Crim. P. 32.2(b)(2) provides that if the Court finds that property is subject to forfeiture:

> [The Court] must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

6. Fed. R. Crim. P. 32.2(b)(3) provides, in pertinent part, that the entry of a preliminary order of forfeiture:

> Authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

7. Fed. R. Crim. P.(b)(4)(A)-(B) of the Federal Rules of Criminal Procedure provides that:

> At sentencing – or at any time before sentencing if the defendant consents – the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c) . . . [t]he court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.

8. Therefore, as a result of the petit jury finding the defendant guilty of the violations charged in Counts 1, 9, and 45 of the Superseding Indictment, and the petit jury subsequently finding the requisite nexus between the violations and the Subject Property, the United States has established that the Subject Property must be forfeited pursuant to 18 U.S.C. §§ 982(a)(1) and (7).

9. In accordance with Fed. R. Crim. P. 32.2(b)(2), and the applicable provisions of 21 U.S.C. § 853, the form of the proposed Preliminary Order of Forfeiture submitted herewith provides for the criminal forfeiture of the Subject Property to the United States, for the inclusion of the resulting Preliminary Order of Forfeiture as part of the defendant's sentence and the Judgment in the Criminal Case, for publication of the resulting Preliminary Order of Forfeiture, for the institution of discovery by the Government in order to locate the Subject Property, if necessary, or to expedite ancillary proceedings for the adjudication of third party petitions claiming an interest in the Subject Property, if any, and for the final forfeiture of the Subject Property, if no petitions are filed.

WHEREFORE, based upon the forgoing, and the other matters of record in these proceedings, the Government moves for the entry of its proposed Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. Rule 32.2(b)(2), which forfeits the Subject Property to the United States pursuant to 18 U.S.C. §§ 982(a)(1) and (7) and provides for further proceedings as may be necessary to effect entry of a final order of forfeiture in accordance with the procedures set forth at 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2.

          Respectfully submitted,

          RANDY A. HUMMEL
          ATTORNEY FOR THE UNITED STATES
          AUTHORITY CONFERRED BY 28 U.S.C. § 515

By:   *s/Daren Grove*
          _____
          Daren Grove (Court No. A5501243)
          Assistant United States Attorney
          E-mail: daren.grove@usdoj.gov
          99 NE 4th Street - 7th Floor
          Miami, Florida   33132
          Telephone: (305) 961-9294
          Facsimile:   (305) 536-7599

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

      *s/Daren Grove*

      Daren Grove
      Assistant United States Attorney