UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20893-MORENO

UNITED STATES OF AMERICA

vs.

MONTY RAY GROW
_____/

**MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED
EVIDENCE AND REQUEST FOR HEARING**

Monty Ray Grow, through undersigned counsel, respectfully moves under Fed. R. Crim. P. 33(b) for a new trial based on newly discovered evidence of juror misconduct and in support states:

1.  During voir dire, a juror who sat in judgment on this case falsely denied having been arrested. Juror Jansel Jose Febres Cotto stated under oath that neither he nor any one close to him had been arrested. Further, when the Court directly questioned Mr. Cotto about arrests, he expressly maintained that he had never been arrested, but said that friends of his had been arrested for possession of drugs and were treated fairly. [Tr. 01/22/18, p. 121–122] ("Q. Have you or anyone close to you ever been arrested? A. No. Q. You had to think about it a little bit. A. I mean, not so close. Q. How far? A. I mean, friends...."). In fact, Mr. Cotto was arrested on November 23, 2014, and again on April 5, 2015, for possession of marijuana in violation of Florida Statutes § 893.23(6)(B). Copies of his arrest records are attached as Exhibit A.

2.  This Court presided over voir dire on January 22, 2018. Prospective jurors

filled out written questionnaires, in addition to responding to questions from the Court and counsel. At the beginning of voir dire, this Court had the prospective jurors sworn and reminded them of their obligation to be truthful during the process. [Tr. 01/22/18, p. 9]. This Court specifically instructed them that all jurors would be asked whether they (or their relatives or friends) had ever been arrested and whether they believed the system treated any arrested person fairly. [Tr. 01/22/18, p. 14]. Further, the prospective jurors were instructed to simply let the Court know if any of them was uncomfortable speaking in open court about a subject. [Tr. 01/22/18, p. 19].

3. The Sixth Amendment guarantees a criminal defendant a trial by an impartial jury. It is well-established that a juror's dishonesty during voir dire compromises the trial process: "If the answers to the questions [during voir dire] are willfully evasive or knowingly untrue, the talesman, when accepted, is a juror in name only. His relation to the court and to the parties is tainted in its origin; it is a mere pretense and sham." *Clark v. United States*, 289 U.S. 1, 11 (1933); *see also McDonongh Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) ("The necessity of truthful answers by prospective jurors if [voir dire] is to serve its purpose is obvious.").

4. The remedy for this misconduct is vacatur of judgment because Mr. Cotto was dishonest and "[a] juror's dishonest is a strong indication of bias." *United States v. Carpa*, 271 F.3d 962, 967 (11th Cir. 2001).[1] "If a court determines there was actual bias, the juror's inclusion in the petit jury is never harmless error." *Id.*

---

[1] The jury verdict finding Mr. Grow guilty of 16 out of 41 counts was returned on February 5, 2018. This motion is therefore timely filed pursuant to Fed. R. Crim. P. 33(b).

5.      Mr. Cotto's failure to disclose his two arrests and his contacts with the criminal justice system during the Court's pointed questioning establishes that he was not an impartial juror. [Tr. 01/22/18, p. 122] ("Q. Do you think [your friends who were arrested] were treated fairly? A. Yeah."). Mr. Cotto evidently lied because "[h]e believed that relevation of that information might thwart [his] desire to sit on this case." *United States v. Colombo*, 869 F.2d 149, 151 (2d Cir. 1989). "If those are the facts, Mr. [Grow's] conviction cannot stand, because such conduct obstructed the voir dire and indicated an impermissible partiality on the juror's part." *Id.*

6.      The failure to disclose the withheld information not only prevented the defense from formulating potential challenges for cause, but also thwarted their ability to meaningfully exercise peremptory challenges. *See United States v. Barnes*, 604 F.2d 121, 139 (2d Cir. 1979) (finding that defendants deserve "a full and fair opportunity to expose bias or prejudice on the part of veniremen," and "there must be sufficient information elicited on voir dire to permit a defendant to intelligently exercise not only his challenges for cause, but also his peremptory challenges") (internal quotations and citations omitted).

7.      At a minimum, this Court should conduct an evidentiary hearing to make further inquiry into Mr. Cotto's reasons for failing to disclose this important information and make additional inquiry as to whether there was other information that this juror failed to disclose.

Wherefore Mr. Grow requests that the Court grant his motion for a new trial or, in the alternative, conduct an evidentiary hearing to evaluate the juror misconduct that occurred during his trial.

        Respectfully submitted,

        **MARKUS/MOSS PLLC**
        40 N.W. Third Street
        Penthouse One
        Miami, Florida 33128
        Tel: (305) 379-6667
        Fax: (305) 379-6668
        markuslaw.com

        By:   /s/ David Oscar Markus
                DAVID OSCAR MARKUS
                Florida Bar Number 119318
                dmarkus@markuslaw.com

## CERTIFICATE OF SERVICE

This motion was e-filed on December 3, 2018, through CM/ECF.

        /s/ David Oscar Markus
        David Oscar Markus