**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.: 16-20893-CR-MORENO(s)

**UNITED STATES OF AMERICA,**

vs.

**MONTY RAY GROW,**

    **Defendant.**
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT MONTY GROW'S MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE**

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response in opposition to Defendant Monty Grow's Motion for New Trial Based on Newly Discovered Evidence [DE-256].

    **I.**    **Introduction**

    On February 5, 2018, Defendant was found guilty by a jury of numerous felony offenses arising from to a scheme to defraud Tricare of approximately $20 million. Defendant now argues that his recent discovery of publicly available records concerning a juror's misdemeanor marijuana possession, which charges were subsequently dismissed, entitles him to a new trial. The government opposes such relief for two reasons. First, the juror in question was never formally arrested, but instead issued a notice to appear, and therefore could reasonably—and truthfully—have believed that he was not arrested, as that term is commonly understood. As such, the juror did not deliberately provide false information when the Court asked him if he had ever been arrested and he answered "no" during *voir dire*. Second, even if the juror had been arrested,

1

Defendant cannot meet his burden to show that the juror's failure to disclose a misdemeanor arrest, which charges were subsequently dismissed by the State, would have provided a valid basis to strike the juror for cause, as required to prevail on a motion for new trial. Accordingly, the Court should deny the motion. Further, given that the motion can be conclusively decided without the need to examine the juror, Defendant's request for an evidentiary hearing should be denied as well.

## II.     Argument

In *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984), the Supreme Court set forth a two-part test for analyzing post-trial claims based on allegations that a juror deliberately withheld material information during *voir dire*. The Court held that "to obtain a new trial a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." 464 U.S. at 556. The defendant, as moving party, bears the burden of establishing both prongs of the test. *Id.*

### A.  The Juror was Issued an NTA

As to the first prong of the test, the government's investigation has revealed that the juror was not dishonest when he answered "no" to the question of whether he had ever been arrested. The Miami-Dade County records attached to Defendant's motion show that the juror was *charged* with misdemeanor offenses, but they do not indicate whether he was *arrested* as that term is commonly understood.[1] As this Court is likely aware, when minor offenses are involved, such as misdemeanor possession of marijuana, local police routinely refrain from taking individuals into custody, i.e. arresting them, and instead issue them a "notice to appear." *See* Fla. R. Crim. P.

---

1    "Arrest" is defined as "the taking or detaining in custody by authority of law." *See* https://www.merriam-webster.com/dictionary/arrest.

2

3.125(a) ("notice to appear means a written order issued by a law enforcement officer *in lieu of physical arrest* requiring a person accused of violating the law to appear in a designated court or government office at a specified date and time.") (emphasis added). That is what occurred in the juror's case. *See* Gov. Exs. 1-2 (police incident reports indicating that the juror was given a "promise to appear" or a "PTA"). By contrast, when individuals are arrested, that is, taken into custody, officers must "book" them into custody by transporting them to the police station, finger printing them, and taking a "mug shot" photo. Once finger prints are taken they are sent to the FBI's National Crime Information Center (NCIC) which acts as a clearinghouse for all arrest and conviction records in the United States. In this case, the government has been unable to locate any booking photos or finger print records for the juror, nor is there any record with the NCIC. *See* Gov. Ex. 3 (juror's negative NCIC report). The lack of such records, along with the incident reports, confirms that the juror was never taken into custody, and therefore he did not fail to honestly answer the Court's question regarding prior arrests during *voir dire*. The bottom line is that the Defendant has not shown that the juror's answer was deliberately false.

### B. A Misdemeanor Arrest Is Not a Valid Basis to Challenge a Prospective Juror for Cause

Defendant's motion ultimately falls short because he cannot satisfy the second prong of the *McDonough* test, namely, he cannot demonstrate that an honest answer (if it is one), that the juror had in fact been arrested for marijuana possession, would have resulted in a valid basis to challenge the juror for cause. For that reason alone his motion should be denied. *See United States v. Brugnara*, 856 F.3d 1198, 1212 (9th Cir. 2017) (affirming the denial of a new trial motion based on a juror's undisclosed misdemeanor arrests and explaining that defendant "did not succeed on the second part of the test because a truthful answer would not have provided a valid basis to

challenge [the juror] for cause."); *United States v. Stewart*, 433 F.3d 273, 302-06 (2d Cir. 2006) (affirming the denial of a new trial motion where a juror's failure to disclose a civil judgment and his son's conviction for attempted robbery did not provide a valid basis to challenge the juror for cause, as would be required to grant a new trial); *Jones v. Cooper*, 311 F.3d 306, 313 (4th Cir. 2002) (affirming the denial of a motion for new trial and explaining that "[b]ecause even truthful answers to the questions [regarding prior arrests of family members] could not have formed the basis for a challenge for cause, appellant is not entitled to relief under the second part of the *McDonough* test."); *United States v. Ross*, 263 F.3d 844, 847 (8th Cir. 2001) (affirming the denial of a new trial motion and agreeing with the district court that "even if the information that the juror withheld from defendant [including undisclosed felony charges and misdemeanor convictions] had been available to him, there would have been no basis for a challenge for cause."). A prior arrest for a misdemeanor, which charge was subsequently dismissed by the State, is simply not a valid basis to strike a juror for cause. *See Brugnara*, 856 F.3d at 1212; *see also United States v. Feldman*, 2016 WL 8505087 (S.D. Fla., Feb. 18, 2016) (J., Scola) (rejecting a motion for new trial where two jurors "were arrested, but not convicted, for misdemeanor crimes and failed to disclose those arrests."). Defendant cites no case in which a new trial was granted, or an evidentiary hearing was held, based solely on an undisclosed misdemeanor arrest.

In an effort to avoid *McDonough*'s second prong, Defendant argues that the withheld misdemeanor arrest "not only prevented defense counsel from formulating potential challenges for cause, but also thwarted their ability to meaningfully exercise peremptory challenges." Mot. at 3 (citing *United States v. Barnes*, 604 F.2d 121, 139 (2d Cir. 1979)). Notably, the Supreme Court's *McDonough* test, formulated five years after *Barnes*, does not allow for a new trial when a juror's

4

failure to disclose material information affects a defendant's ability to make peremptory challenges, but only when the failure to disclose would give rise to a challenge for cause. In any event, even if an impact on his peremptory challenges were relevant, Defendant's claimed prejudice is belied by the record. The full transcript of *voir dire* demonstrates that defense was not concerned about prior arrests at all. Indeed, rather than strike or even question prospective jurors about prior arrests, Defendant *accepted* two jurors with prior arrests onto the final jury panel. Juror 5 was arrested for marijuana possession (just like the juror he now claims should have been dismissed for cause), and Juror 12 was arrested for petit theft. *See* DE-229, Tr. Trans. (01/22/18) pp. 55-56, 100-01. Defendant never asked any questions of the prospective jurors who disclosed prior arrests, making it difficult to see how he can now claim that if only he'd known about the juror's undisclosed misdemeanor arrest he would have somehow formulated a challenge for cause or exercised a peremptory challenge. As several courts have observed, and as defense counsel certainly must have assumed in this case, any bias on the part of a previously arrested juror would likely have been against the government and in favor of the accused. *See Ross,* 263 F.3d at 847 ("If anything, it seems to us that the juror's previous brushes with the law would create a stronger opposite inference - one that she might well be biased in favor of defendants in general."); *see also Jones*, 311 F.3d at 313 ("indeed, arguably, the more common-sense assumption is that a juror with this background [involving prior arrests of family members] would be biased *in favor* of the accused.").

### III.     A Hearing Is Unnecessary to Resolve the Motion

In light of the foregoing, the government does not believe an evidentiary hearing is necessary or advisable. "To justify a post-trial hearing involving the trial's jurors," the moving

5

party "must do more than speculate; he must show clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred." *United States v. Cuthel*, 903 F.2d 1381, 1383 (11th Cir. 1990). "The more speculative or unsubstantiated the allegation of misconduct, the less the burden to investigate." *Id.* Here, the fact that the juror received NTAs in lieu of formal arrest sufficiently undermines Defendant's allegation of juror misconduct such that no further investigation is necessary. Moreover, even if the juror was actually arrested, Defendant still cannot establish that the undisclosed misdemeanor arrests would have given rise to a challenge for cause. Thus, an evidentiary hearing could not alter the ultimate outcome of the motion and therefore should be rejected. *See Stewart*, 433 F.3d at 306 (affirming the district court's refusal to conduct a hearing "because it found that even if all of the allegations were established by competent evidence, none would provide valid grounds to challenge for cause [the juror's] membership on the jury.").

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:   *s/Jon M. Juenger*
      Jon M. Juenger
      Assistant U.S. Attorney
      Fla. Bar No. 56108
      99 N.E. 4th Street, Fourth Floor
      Miami, Florida 33132-2111
      Tel: (305) 961-9450
      Fax: (305) 536-7213
      Jon.Juenger@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 17, 2018, I electronically filed the Government's Response in Opposition to Defendant Monty Grow's Motion for New Trial with the Clerk of the Court using CM/ECF.

                                                         *s/Jon M. Juenger*
                                                         Jon M. Juenger
                                                         Assistant U.S. Attorney
                                                         Fla. Bar No. 56108
                                                         99 N.E. 4th Street, Fourth Floor
                                                         Miami, Florida 33132-2111
                                                         Tel: (305) 961-9450
                                                         Fax: (305) 536-7213
                                                         Jon.Juenger@usdoj.gov