UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20893-MORENO

UNITED STATES OF AMERICA

vs.

MONTY RAY GROW
_____/

**REPLY TO THE GOVERNMENT'S OPPOSITION TO THE
MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED
EVIDENCE AND REQUEST FOR HEARING**

Monty Ray Grow, through undersigned counsel, respectfully files this reply to the Government's response in opposition to his Motion for New Trial Based on Newly Discovered Evidence (DE 261), and in support of the reply states as follows:

**I.   Juror Cotto Failed to Answer Honestly a Material Question**.

Juror Jansel Jose Febres Cotto was arrested for possession of marijuana on November 23, 2014 and again on April 5, 2015. Yet when Mr. Cotto was directly questioned on this issue by the Court under oath, he explicitly said that he had never been arrested. The Government argues that because Mr. Cotto was not physically taken into custody and booked at a jail, he answered honestly when asked about his interactions with the criminal justice system. The Government also asserts that the records submitted by Mr. Grow "show that the juror was *charged* with misdemeanor offenses, but they do not indicate whether he was *arrested*... ." However, the exhibits to the Government's response unambiguously state that Mr. Cotto was arrested in both cases. *See* Gov. Exs. 1 ("He was ***arrested*** & released on a Promise to Appear.")

(emphasis added); Gov. Exs. 2 ("[Defendant] was *arrested* and allowed to PTA.") (emphasis added). The fact that Mr. Cotto was subsequently released on a promise to appear does not nullify that he was placed under arrest "as that term is commonly understood." As such, Mr. Cotto's response that he had never been arrested was false.

Further, Mr. Cotto did not merely answer "no" to the question of prior arrests. The record shows that he thought about the question, and proceeded to answer that friends of his had been arrested for possession of drugs, the exact same offense he was arrested for, and were treated fairly:

> Q. Have you or anyone close to you ever been arrested?
> A. No.
> Q. You had to think about it a little bit.
> A. I mean, not so close.
> Q. How far?
> A. I mean, friends...
> Q. What were they arrested for?
> A. Possession.
> Q. Of drugs?
> A. Yeah.
> Q. Do you think they were treated fairly?
> A. Yeah.

[Tr. 01/22/18, p. 121-122]. Mr. Cotto's responses to the Court's straight-forward questions demonstrate that his inaccurate answer was not a product of forgetting or misremembering. His false statement about "friends" instead of himself seems to have been done after some thought.

## II. Juror Cotto Would Have Been Stricken for Cause for Lying About His Arrests and Saying Instead That His "Friends" Were Arrested.

There is no question that the criminal record of a prospective juror can provide a legitimate basis to challenge for cause. Here, while concealing his own arrests, Mr. Cotto indicated that friends of his had positive experiences with the justice system. This suggests a pro-government inclination, which would have provided a valid basis to challenge for cause.

Moreover, certainly an intentional lie in response to the Court's questioning, as is the case here, establishes a valid reason to strike a prospective juror. Had the defense in this case been aware that Mr. Cotto was giving willfully false responses to the Court under oath, he would have been stricken for cause.

## III. Conclusion

At the very least, this Court should conduct an evidentiary hearing to make inquires as to the circumstances surrounding Mr. Cotto's arrests, the reasons for his intentionally untruthful response, and whether there was other information that he failed to disclose.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street, PH1
Miami, Florida 33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

By:   /s/ David Oscar Markus
      DAVID OSCAR MARKUS
      Florida Bar Number 119318
      dmarkus@markuslaw.com

## CERTIFICATE OF SERVICE

This motion was e-filed on December 21, 2018, through CM/ECF.

/s/ David Oscar Markus
David Oscar Markus