UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 16-20893-Moreno

UNITED STATES OF AMERICA,
        Plaintiff,
vs.

MONTY RAY GROW,
        Defendant.
_____/

## DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO PRODUCE BRADY MATERIAL

COMES NOW the Defendant, Monty Grow, by and through Reizenstein and Sola, PA., Philip L. Reizenstein, Esq., and hereby files this motion for reconsideration of the Court's order DE:355 denying as moot the Defendant's request for production of *Brady* material/ evidence. In support thereof, the defendant would aver as follows:

1. On June 1, 2021, this Court held a non-evidentiary hearing on the defendant's motion for new trial and disclosure of Brady Material.

2. On June 4, 2021, the Court entered a written order denying the motion for new trial DE:356 and a written order denying the motion for production of Brady material/evidence as moot. DE: 355.

3. Prior to the hearing the Government had not disclosed any of the evidence in their possession, including the priors of Ginger Lay, and the date and method they were allegedly disclosed, the NCIC and the date it was run, the proffer

1

agreement of Ginger Lay referenced in the 302 report provided as an exhibit to the court and not on CM/ECF[1], the recorded phone calls of Lay and D.L, who was one of the subjects of Lay's direct testimony in Grow's trial. The calls are referenced in Lay's sentencing memorandum, which is when the defense first discovered their existence and referenced at Lay's sentencing hearing before this Court, and were never provided.

4. The production of that evidence will assist the Court of Appeals in determining whether the evidence was relevant and material, which this Court, by virtue of the denial of the motion for new trial, has ruled they were not. As the defense has informed this Court in DE:348 the undersigned defense counsel has conferred with Mr. Grow's trial counsel who deny knowledge of receiving the prior arrest record of Ginger Lay although the government indicated it was disclosed. At the sentencing hearing that was postponed this Court ordered the production of the records and the defense informed the Court in DE:348 that the issue was unresolved.  If the government has the records and has evidence as to when it received those records and when they were disclosed to trial counsel it should be provided

---

[1] This is a separate proffer agreement never provided to the defense. This is not the proffer agreement regarding Ginger Lay and Monty Grow.

now as the evidence is relevant to any issues that may be raised on appeal and would assist the appellate court in deciding the appeal if filed.

Respectfully Submitted,

S/*Philip L. Reizenstein*

Philip L. Reizenstein, Esq.
Florida Bar# 634026
2828 Coral Way
Suite 540
Miami, FL, 33145
(305) 444-0755
Philreizenstein@protonmail.com