**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-20893-Cr-Moreno

UNITED STATES OF AMERICA

v.

MONTY RAY GROW,

        Defendant.

**UNITED STATES' MOTION FOR**
**SECOND ORDER OF FORFEITURE OF SUBSTITUTE ASSETS**
**PURSUANT TO 21 U.S.C. § 853(p)**

    The United States of America (the "United States" or the "Government") hereby moves, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), for a second preliminary order of forfeiture of substitute assets of the Defendant, **MONTY RAY GROW**, to partially satisfy the forfeiture money judgment imposed against him as part of his sentence in this case. The United States incorporates points and authorities set forth below in support of this motion. Additionally, the United States submits for the Court's consideration and use a proposed Second Preliminary Order of Forfeiture of Substitute Assets.

    1.    On April 25, 2018, the Court, upon motion of the United States, entered its Order of Forfeiture [ECF No. 211] in which it imposed a forfeiture money judgment against the Defendant for $18,856,744 (US) as part of his sentence in this case (the "Forfeiture Money Judgment").

2.     On September 26, 2018, the Court, upon motion of the United States, entered its Preliminary Order of Forfeiture of Substitute Assets [ECF No. 245] pursuant to 21 U.S.C.§ 853(p) thereby forfeiting the Defendant's 2014 Land Rover/Range Rover as a substitute asset in partial satisfaction of the Forfeiture Money Judgment.

3.     The United States now seeks forfeiture of the following substitute assets in partial satisfaction of the Forfeiture Money Judgment pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p):

(a)    The real property known and numbered as 5803 Mariner Street, Tampa, Florida, together with all improvements, appurtenances, attachments, and fixtures thereon and therein;

(b)    The real property known and numbered as 4110 W. Sevilla Street, Tampa, Florida, together with all improvements, appurtenances, attachments, and fixtures thereon and therein;

(c)    All principal, deposits, interest, dividends, and other amounts credited to account number 229042044397 held at Bank of America, N.A. in the name of MGTEN Marketing Group;

(d)    All principal, deposits, interest, dividends, and other amounts credited to account number 869-914682 held at TD Ameritrade in the name of Monty Ray Grow;

(e)    One (1) 2016 Yamaha Personal Watercraft (VIN: YAMA0375C616); and

(f)    One (1) 2016 Yamaha Personal Watercraft (VIN: YAMA0318C616)

(collectively, the "Substitute Property").

4.      The forfeiture of substitute assets of the Defendant is an appropriate and authorized method of satisfying the Forfeiture Money Judgment. Specifically, Fed. R. Crim. P. 32.2(e) authorizes the Court to enter an order of forfeiture to include property that qualifies as substitute property under an applicable statute. In this case, the applicable statute is 21 U.S.C. § 853(p), which provides, in relevant part, the following:

> (p)     Forfeiture of substitute property
>
> (1)     In general
>
> Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant–
>
> (A)     cannot be located upon the exercise of due diligence;
> (B)     has been transferred or sold to, or deposited with, a third party;
> (C)     has been placed beyond the jurisdiction of the court;
> (D)     has been substantially diminished in value; or
> (E)     has been commingled with other property which cannot be divided without difficulty.
>
> (2)     Substitute property
>
> In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

21 U.S.C. § 853(p). Subdivision (p) empowers the Court to order the forfeiture of any other property of the Defendant's up to the value of unavailable assets in lieu of the those assets.

5.      Additionally, a court may forfeit a defendant's property as a substitute asset in partial satisfaction of a forfeiture money judgment. *See United States v. Seher*, 562 F.3d 1344, 1373(11th Cir. 2009) (affirming district court's finding that the defendant's property could be used as a substitute asset for the forfeiture money judgment imposed against him).

6. To obtain an order forfeiting a defendant's property as a substitute asset, the government need only comply with the requirements of § 853(p). *United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999). Again, substitute assets may be forfeited if the Government shows that, as a result of any act or omission of the Defendant, the forfeitable property "(1) cannot be located upon the exercise of due diligence; [or] (2) has been transferred or sold to, or deposited with, a third party." 21 U.S.C. § 853(p)(1) and (2).

7. Here, the Government complied with § 853(p) by submitting the declaration of Defense Criminal Investigative Service (DCIS) Special Agent (SA) Caleb King, who recited the efforts made to locate the proceeds obtained by the Defendant that are traceable to the federal health care offenses he committed. *See* **Attachment 1** (King Decl.), ECF No. 244-1. Specifically, SA King explained that according to the results of DCIS's financial investigation, the Defendant directed the gross proceedshe obtained from his crimes, which amounted to $18,866,744 (US), to bank accounts he owned or controlled and then subsequently redirected those proceeds to other accounts he owned or controlled as well as to the purchase of certain assets. King Decl. at ¶ 5. However, the Government was only able to locate and forfeit a combined total of $183,981.05 (US) from those accounts along with an automobile. *Id*. at ¶ 6.[1] Indeed, SA Kings declared that a substantial majority of the gross proceeds traceable to the Defendant's crimes and obtained by him cannot be located, despite the exercise of due diligence, because of some act or omission by the Defendant. *Id*. at ¶ 3.

---

[1] Subsequently, the United States obtained a final order of forfeiture for the Defendant's 2014 Land Rover/Range Rover, *see* Final Order [ECF No. 305], and filed a motion seeking final forfeiture of funds in bank account ending 4176 at Bank of America in the name of MGTEN Marketing Group ("BOA 4176") up to $19,536,743.31(US) [ECF No. 361]. The United States seized all of the funds in BOA 4176, which was $80,034.76 (US).

8.   In accordance with Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), the form of the proposed Second Preliminary Order of Forfeiture of Substitute Assets submitted herewith provides for the forfeiture of the Substitute Property, for publication of the Second Preliminary Order of Forfeiture of Substitute Assets, for the institution of discovery by the Government to expedite ancillary proceedings for the adjudication of third party claims to the Substitute Property, if any, and for the final forfeiture of the Substitute Property, if no petitions are filed.

WHEREFORE, the United States now respectfully moves to forfeit the Substitute Property in partial satisfaction of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p).

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By:   *Daren Grove*

_____
Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
500 E. Broward Boulevard, Suite 822
Fort Lauderdale, Florida 33394
Telephone: 954.660.5774
Facsimile:  954.356.7180